UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

BRYAN A. LAMEY,

    Debtor.                                                   No. 14-13729 ta7

EDWARD MAZEL, Chapter 7 Trustee,
and UNITED REAL ESTATE LAS
CRUCES, LLC.,

    Plaintiffs,

v.                                                          Adv. No. 18-01057-t

LAS CRUCES ABSTRACT AND TITLE
COMPANY, FIDELITY NATIONAL
TITLE INSURANCE COMPANY, and
TCNM, LLC.,

    Defendants.

## **OPINION**

    Before the Court is Plaintiffs' motion to amend their complaint. Plaintiffs argue that their original complaint, filed on August 27, 2018, was based on records then available from Debtor and his former counsel. Based on newer information, Plaintiffs seek leave (16 months after filing their original complaint and about six months after the close of discovery) to drop one count (civil conspiracy), add one count (ordinary negligence), add three plaintiffs, and amend the factual allegations. Defendants Fidelity National Title Insurance Company and Las Cruces Abstract and Title Company ("LCAT") object on several grounds, including timeliness and futility. For the reasons that follow, the motion will be denied except for the request to dismiss the civil conspiracy claim.

A.  Background.

In brief,[1] Plaintiffs' claims arise from United Real Estate Las Cruces, LLC's ("URELC's") 2012 purchase of 700 Stern Drive in Las Cruces, New Mexico (the "Property"). LCAT provided title and closing services for the transaction. Fidelity, through LCAT (its title insurance agent) issued owner's and lender's policies insuring good title to the Property. Los Alamos National Bank was the purchase money lender. For reasons discussed at length elsewhere, the policies insured over a mortgage that was not released at closing.[2] Fidelity honored the lender's policy by eventually paying off the mortgage (at considerable expense) but denied coverage of URELC's claim under the owner's policy.

On August 27, 2018, Plaintiffs Edward Mazel, chapter 7 trustee in this case, and URELC filed a complaint commencing this adversary proceeding (the "Complaint")[3] against LCAT and Fidelity.[4]

The Court set a July 17, 2019, discovery cutoff. The parties exchanged substantial written discovery requests and took a number of depositions. They then filed eleven motions for partial

---

[1] The particular facts of this case are well known to the Court and to the parties, and are described in the Court's Omnibus Findings of Fact, which is incorporated herein by reference.
[2] Generally referred to as the "KZRV mortgage".
[3] Count 1 is a breach of contract claim against Fidelity based on denial of URELC's title policy claim. Count 2 is a constructive fraud claim against LCAT and Fidelity premised on the "Omission" (i.e., LCAT's alleged failure to "notify URELC or Lamey that the release of the KZRV Mortgage had not been secured prior to closing the Transaction . . ."). Count 3 is civil conspiracy claim, which Plaintiffs have abandoned. Count 4 is a professional negligence claim against LCAT and Fidelity based on the Omission. Count 5 is an Unfair Practices Act claim against LCAT and Fidelity based on the Omission. Finally, Count 6 is an Unfair Insurance Practices Act claim against LCAT and Fidelity, alleging that the Omission was a prohibited misrepresentation under NMSA § 59A-16-4(A).
[4] Plaintiffs also sued TCNM, LLC, a corporation that bought LCAT's business in 2015, under a successor liability theory. The Court granted TCNM summary judgment on the claim

summary judgment. The last replies in support of the motions were filed November 22, 2019. On December 3, 2020, Plaintiffs filed the motion to amend.

The Court held hearings on the summary judgment motions on February 21, 2020. It entered eight opinions on the motions between February and October 2020, in addition to lengthy findings of fact.

Plaintiffs assert that at some point after they filed their complaint (no date is given), they received additional information and documents purporting to show that certain capital contributions thought to have been made by Debtor were actually made by URELC affiliates, namely United RV Las Cruces, LLC ("URVLC"), United Real Estate Albuquerque, LLC ("UREABQ"), and United Real Estate Holdings, LLC ("UREH").[5] Plaintiffs seek to add these entities as additional plaintiffs. Plaintiffs also want to amend the complaint to remove the civil conspiracy claim, add a claim for ordinary negligence, and make "clarifying changes" to the fact allegations.

Fidelity and LCAT object. They argue that the "new" information was or should have been known to Plaintiffs at the inception of this case or soon thereafter, and that they would be prejudiced by having to respond to the new complaint—the new negligence claim in particular—at this stage of the proceeding. They also argue that adding the new plaintiffs would be futile because the proposed new plaintiffs lack standing and seek to assert stale claims.

---

[5]The structure of the failed "United RV" business enterprise was as follows: there were RV business in Albuquerque and Las Cruces. Each location had an operating entity (United RV Albuquerque, LLC and URVLC) and an entity that owed real estate where the operations were located (UREABQ and URELC). The operating entities were owned by a parent holding company (United RV Holdings, LLC), as were the real estate companies (UREH). Debtor and Robert Maese Senior and Junior owned the holding companies. Debtor was the managing member of each entity.

B.  Fed. R. Civ. Pro. 15.[6]

Fed. R. Civ. Pro. 15 provides in part:

(a) Amendments Before Trial.
   (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
      (A) 21 days after serving it, or
      (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
   (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Because Defendants object to the motion, Plaintiffs need leave of Court to amend their complaint. Rule 15(a)(2). Whether to grant such leave is within the Court's discretion, *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991), subject to the "freely give leave when justice so requires" directive.

On one hand, the "spirit" of Rule 15(a)(2) calls for granting leave to amend "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). On the other hand, leave to amend is properly denied for:

- Futility. The amendment would be futile because the amended complaint would be subject to dismissal or summary judgment. *See, e.g., Compton v. Rent-A-Center, Inc.*, 350 F. App'x 216, 221 (10th Cir. 2009); *Jefferson County School District v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir. 1999); *Bauchman v. W. High School*, 132 F.3d 542, 562 (10th Cir. 1997);

---

[6]Made applicable by Fed. R. Bankr. Pro. 7015.

- Untimeliness. The amendment is untimely because the movant knew or should have known the facts upon which the amendment is based, but failed to include them in the original complaint. *See, e.g.*, *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). The concern with untimeliness is prejudice to the other party. *See, e.g., Foman v. Davis*, 371 U.S. at 182 (motion to amend should be denied if it causes undue prejudice);

- Moving Target. "[T]he plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); or

- Bad Faith. Amendment is sought because of undue delay, bad faith, or a dilatory motive; *Foman v. Davis*, 371 U.S. at 182.

C.  <u>Adding an Ordinary Negligence Claim Would be Untimely and Futile</u>.

The proposed amended complaint adds a claim of ordinary (as opposed to professional) negligence. With respect to this new claim, the motion for leave to amend is untimely. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay."); *Glenmore Distilleries*, 738 F.2d at 416 ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). Plaintiffs give no explanation why they did not plead ordinary negligence initially or seek to amend much earlier.

Furthermore, the Court considered ordinary negligence in its October 23, 2020, opinion addressing Defendants' motion for summary judgment on professional negligence. In the opinion, the Court ruled that Plaintiffs' negligence claim, whether professional or ordinary, fails because

Defendants did not breach any duties to Plaintiffs[7] and Plaintiffs did not submit evidence of any proximately caused damages. Thus, adding the proposed ordinary negligence claim would be futile.

D.  Adding the Proposed New Plaintiffs Would be Untimely and Futile.

Plaintiffs seek to amend their complaint to add UREABQ, URVLC, and UREH as additional plaintiffs, alleging:

> 73. After closing of the Transaction, UREH transferred at least $150,000.00 to or for the benefit of URVLC, none of which was repaid (the "UREH Transfers").
> 74. After closing of the Transaction, UREABQ transferred an aggregate amount of at least $14,802.21 to or for the benefit of URELC, net of amounts repaid to it by such entities (the "UREABQ to URELC Transfers").
> 75. After closing of the Transaction, UREABQ transferred an aggregate amount of at least $302,042.98 to or for the benefit of URVLC, net of amounts repaid to it by such entities (the "UREABQ to URVLC Transfers").
> 76. Together, the UREABQ to URELC Transfers and UREABQ to URVLC Transfers are referred to [as] the "UREABQ Transfers."
> 77. After closing of the Transaction, URELC transferred an aggregate amount of at least $79,808.40 to or for the benefit of URVLC, net of amounts repaid to it by URVLC, but excluding payments made to URELC for rent (the "URELC transfers").
> 78. But for the Omission, the UREH Transfers would not have occurred.
> 79. UREH was damaged by the Omission in the amount of the UREH Transfers.
> 80. But for the Omission, the UREABQ Transfers would not have occurred.
> 81. UREABQ was damaged by the Omission in the amount of the UREABQ Transfers.
> 82. But for the Omission, the URELC Transfers would not have occurred.
> 83. URELC was damaged by the Omission in the amount of the URELC Transfers.

---

[7] The Court ruled, based on the record, that the Omission breached no duties to Plaintiffs because they knew about the KZRV mortgage, and because Maese Sr., one of the three principals of the United RV entities, promised LCAT that he would get the mortgage released.

There are a number of problems with Plaintiffs' proposal to add new plaintiffs.

1. <u>Timeliness</u>. First, Plaintiffs' proposal to add new plaintiffs is not timely. No explanation was given about the delay in seeking the amendment. Defendants would be prejudiced by having to take discovery and, it seems likely, file dispositive motions relating to the new plaintiffs.

2. <u>Standing</u>. Second, the proposed new plaintiffs do not have standing to pursue the claims against Defendants. It is well established that only a corporation, rather than its shareholders, may sue to recover damages for injuries done to it. *Marchman v. NCNB Tex. Nat. Bank*, 898 P.2d 709, 716 (N.M. 1995) (citing 12B *Fletcher Cyclopedia of the Law of Corporations* § 5910). As explained by the Third Circuit and as adopted by the New Mexico Supreme Court:

> A stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when the alleged injury is inflicted upon the corporation and the only injury to the shareholder is the indirect harm which consists in the diminution in value of his corporate shares resulting from the impairment of corporate assets. In this situation, it has been consistently held that the primary wrong is to the corporate body and, accordingly, that the shareholder, experiencing no direct harm, possesses no primary right to sue.

*Marchman,* citing *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970).[8] There is an exception to this general rule "where there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, and where the shareholder suffered an injury separate and distinct from that suffered by other shareholders." *Marchman*, 898 P.2d at 717. To fit within the exception, the shareholder must have suffered a "direct injury . . . in his or her individual capacity, independent of any duty to the corporation[.]" *Id.*

---

[8]The Third Circuit's reasoning has been widely accepted. *See, e.g.*, *In re Dein Host, Inc.*, 835 F.2d 402, 406 (1st Cir. 1987); *Papilsky v. Berndt*, 466 F.2d 251, 255 (2d Cir. 1972); *Stevens v. Lowder*, 643 F.2d 1078, 1080 (5th Cir. 1981).

Here, only URELC, the buyer, was directly involved in the transaction. UREH owns URELC, and fits squarely within the *Marchman* rule, while UREABQ and URVLC are mere sibling affiliates. None fit within a *Marchman* exception. Nothing in the Complaint, the proposed amended complaint, or the voluminous record shows that the proposed new plaintiffs had any contractual or other relationship with LCAT nor Fidelity. Therefore, they are not the proper parties to assert the claims. *Marchman*, 898 P.2d at 717-18, and it would be futile to amend the complaint to add them. *See, e.g., Halley v. Oklahoma*, 2016 WL 2944664, at *2 (E.D. Okla.) (an amendment seeking to add plaintiffs who lacked standing would be futile).

3. <u>Damages</u>. Third, the damages alleged to have been suffered by UREABQ, URVLC, and UREH are "but for" damages, not "proximately caused" damages.[9] Even if the proposed new plaintiffs had standing to sue Defendants, they would have to allege that Defendants' conduct was the proximate cause of any losses they suffered. This they cannot do. As the Court has ruled with respect to URELC and the record makes clear in general, the Omission did not proximately cause damage to the United RV businesses or their owners. Rather, they lost money because United RV was never able to operate at a profit.

4. <u>Relation Back</u>. The Property purchase closed on August 30, 2012, more than seven years before Plaintiffs filed the motion to amend. Unless the claims of the proposed new plaintiffs "relate back" to the claims in the original complaint, they likely would be time-barred. Unlike amending a complaint to add defendants, Rule 15 does not address relation back when plaintiffs are added. *See Benavidez v. Sandia National Laboratories*, 2017 WL 2266854, at *28 (D.N.M.). Despite that, courts have allowed claims of a newly added plaintiff to "relate back" if it is "a

---

[9] The proposed amended complaint contains 17 "but for" allegations, mostly tied to claimed damages.

successor-in-interest, custodian, or had a close-identity interest" to the original plaintiff. *Id.* at *30 (citing cases). Here, it is not clear the proposed new plaintiffs would be entitled to have their claims relate back. While they are affiliates of URELC, they are strangers to the transaction, having never dealt with LCAT or Fidelity. Defendants could not reasonably have anticipated that the proposed new plaintiffs would sue them because the United RV business turned out to be unprofitable. Further, the alleged business losses suffered by URVLC, UREABQ, and UREH did not arise "out of the conduct, transaction, or occurrence set out" in the complaint. Rule 15(c)(1)(B).

Because of the timeliness and futility problems outlined above, the Court concludes that Plaintiffs' motion to add new plaintiffs is not well taken and should be denied.

E. <u>Amendment of the Factual Allegations is Unnecessary and Futile</u>.

Plaintiffs also seek to add, modify, or delete several fact allegations. The record in this proceeding includes hundreds of pages of evidence submitted in connection with the parties' summary judgment motions. The proceeding is well past the Rule 12(b)(6) stage. The Court is persuaded that amending the fact allegations is unnecessary and futile at this point.

Partly this is so because many of the proposed new allegations relate to UREABQ, URVLC, and UREH. As the Court will deny the motion to add these entities as new plaintiffs, the proposed amendments are not needed. Other proposed allegations relate to Plaintiffs' "but for" causation theory, which the Court has already ruled on. Adding more alleged "but for" damages does not help Plaintiffs' case.

While the Court granted summary judgment against Plaintiffs on almost all of their claims, the proposed amended allegations would not have changed the outcome. The weakness in the asserted claims was not the alleged facts. Rather, the claims failed because the record shows that

Plaintiffs knew about the KZRV mortgage, knew it was not going to be released at closing, and failed to show proximately caused damage because of Defendants' conduct.

Amending the fact allegations at this time would be futile. The motion will be denied in this respect.

F.   Plaintiffs May Dismiss the Civil Conspiracy Claim.

Finally, Plaintiffs seek permission to dismiss the civil conspiracy claim. Defendants do not oppose this relief. Plaintiff properly brought this request under Rule 15 rather than Rule 41. *See, e.g., Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 517 (Fed. Cir. 1987) (Rule 15 rather than Rule 41 is the proper one to use when less than the entire action is to be dismissed); *Ethridge v. Harbour House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988) (same); *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993) (same); *see also Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) (Rule 41 does not apply to dismissal of less than the entire action). The Court will grant the relief requested by treating Count 3 as having been dismissed with prejudice. No new complaint need be filed.

## Conclusion

Plaintiffs shall be deemed to have dismissed with prejudice their civil conspiracy claim, without the need for a formal amendment of their complaint. The other relief requested in the motion will be denied. The court will enter a separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: January 29, 2021
Copies to: Counsel of Record